Cruz, Demandante y Apelante, *v.* Martínez, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre rescisión de contrato.

No. 2152.—Resuelto en enero 31, 1921.

Resolución de Obligaciones—Restitución de la Cosa—Presunción de Existencia de las Cosas.—Cuando se ejercita la acción resolutoria que nace del

artículo 1091 del Código Civil, el demandante no tiene que alegar que la cosa cuya devolución reclama se encuentra en poder del demandado, pues si no es así, tal hecho constituye materia de defensa cuya alegación y prueba incumbe al demandado que lo conocía y no al demandante, quien, de acuerdo con el No. 31 del artículo 102 de la Ley de Evidencia tiene derecho a presumir que la cosa que recibió el demandado continúa en su poder mientras no se demuestre lo contrario.

ID.—DEMANDA SUFICIENTE—ALEGACIÓN INNECESARIA—DERECHO DE OPCIÓN ENTRE EL CUMPLIMIENTO O LA RESOLUCIÓN DEL CONTRATO.—Cuando se ejercita la acción resolutoria que nace del artículo 1091 del Código Civil, el demandante no está obligado a alegar ni a probar que carecía de todo otro recurso legal para obtener la reparación del perjuicio pues por ministerio de la ley le asiste el derecho de optar entre el cumplimiento o la resolución del contrato.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Brunet.*

Abogados del apelado: *Sres. L. de Tord y Zayas Pizarro.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata en el presente caso de la rescisión de un contrato de permuta de dos cajas de caudales que celebraron Luis de la Cruz de quien el demandante es cesionario, y Lorenzo Martínez Noriega, por haber dejado éste de pagar la suma de doscientos cincuenta dollars que debía abonar a Luis de la Cruz en concepto de diferencia del precio de ambas cajas.

De las alegaciones de la demanda, rectificadas en ligeras variantes por la evidencia que el demandante aportó al juicio, resulta que el contrato de permuta se celebró por Luis de la Cruz y Lorenzo Martínez Noriega en enero de 1915, entregando Luis de la Cruz a Martínez Noriega una caja valorada en trescientos dollars y Martínez Noriega a Luis de la Cruz otra apreciada en cincuenta dollars, quedando por tanto a deber Martínez Noriega a Luis de la Cruz la diferencia de doscientos cincuenta dollars que no ha pagado, así como tres dollars más por el transporte de la caja que le fué entregada; que la sociedad mercantil Sucesores de Luis de la Cruz, S. en C., de la que Luis de la Cruz era

socio gestor, fué disuelta por escritura pública de 12 de abril de 1915, adjudicándose a Luis de la Cruz todo el capital de la sociedad, incluso cuentas a favor y dinero existente, y quedando como único dueño del activo y pasivo de dicha sociedad e investido de la facultad de liquidador; que según los libros de la expresada mercantil Lorenzo Martínez Noriega era deudor de trescientos dollars por una caja para caudales y de tres dollars más en concepto de pago de peones por el transporte de la caja, acreditándosele en su haber por una caja de hierro la suma de cincuenta dollars; y que Luis de la Cruz cedió a Manuel de la Cruz el crédito de doscientos cincuenta dollars de que era dueño contra Lorenzo Martínez Noriega por permuta de las cajas de hierro, pues ese crédito y otros más fueron adjudicados a Manuel de la Cruz en pago de su haber al retirarse de la sociedad Sucesores de Luis de la Cruz, S. en C., de que también había sido parte.

El demandado opuso a la demanda la excepción previa de que no exponía hechos suficientes para determinar una causa de acción y habiendo sido desestimada dicha excepción, formuló contestación en que se limitó a negar las alegaciones de la demanda, recayendo en su consecuencia sentencia por la que declarando con lugar una moción de *non suit,* se desestimó la demanda con costas al demandante, quien interpuso contra ella recurso de apelación.

La moción de *non suit* se fundaba en que la prueba era insuficiente por no haberse alegado y probado que la caja cuya devolución reclama el demandante estuviera en poder del demandado y porque siendo la acción de rescisión subsidiaria no se había alegado y probado que el demandante careciera de todo otro recurso legal para obtener la reparación del perjuicio a tenor de lo dispuesto por el artículo 1261 del Código Civil.

Alega el apelante como primer motivo del recurso que la corte erró al declarar con lugar la moción de *non suit* del demandado por insuficiencia de la prueba en atención a que

era necesario probar que la caja cuya devolución se pide estaba en poder del demandado y que el demandante carecía de cualquier otro recurso legal para obtener reparación del agravio tratándose como se trataba de una acción subsidiaria.

Y alega en apoyo del recurso la infracción de los artículos 1091 y 1261 del Código Civil, el primero por falta de aplicación y el segundo por aplicación indebida.

Esos artículos dicen así:

"Artículo 1091.—La facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpliera lo que le incumbe.

"El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación con el resarcimiento de daños y abono de intereses en ambos casos.   *   *   *   "

"Artículo 1261.—La acción de rescisión es subsidiaria; no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio."

En el contrato de permuta de que se trata el demandado Lorenzo Martínez Noriega no cumplió con la obligación de pagar a Luis de la Cruz la suma de doscientos cincuenta dollars que debía satisfacerle por razón de la diferencia del valor de las dos cajas de caudales permutadas; y por tanto, Manuel de la Cruz, cesionario de Luis de la Cruz, podía optar entre pedir la resolución del contrato o el cumplimiento de la obligación por parte del demandado.   El texto legal no ofrece duda alguna sobre el particular.

Y no cabe sostener que para el éxito de su acción tenía que probar el demandante que la caja de caudales que reclama al demandado se encontraba en poder de éste, pues si no era así, y el demandado por tanto estaba incapacitado para devolvérsela ha podido y debido alegarlo al oponerse a la demanda en su contestación.   Era esa materia de defensa por tratarse de un hecho que estaba dentro del conocimiento del demandado y no del demandante.   Es de aplicación el No. 31 del artículo 102 de la Ley de Evidencia, es-

tatutorio de la presunción de que "una vez probada la existencia de una cosa continúa ésta todo el tiempo que ordinariamente duran las cosas de igual naturaleza," surgiendo como consecuencia legal que habiendo recibido el demandado la caja es de presumirse que continúa en su poder mientras no demuestre lo contrario. Véase nuestra decisión en el càso de *Fulladosa* v. *Castro,* 27 D. P. R. 702.

Tampoco tenía que probar el demandante que con sujeción al artículo 1261 ya transcrito careciera de todo otro recurso legal para obtener la reparación del perjuicio, pues ese artículo concede al demandante el derecho de optar entre la resolución o el cumplimiento de la obligación del demandado, y de admitirse la teoría del apelado quedaría privado el agraviado de pedir la resolución de la obligación cuando le asiste el recurso de reclamar su cumplimiento resultando así ineficaz el precepto del artículo 1091 que le otorga el derecho de optar entre la resolución de la obligación o el cumplimiento de la misma. A este propósito dice Manresa comentando el artículo 1291 del Código Civil Español (artículo 1258 del Código Revisado) el cual después de la enumeración de varios contratos rescindibles establece la rescisión de cualesquiera otros en que especialmente lo determine la ley, que a esos otros casos apenas es aplicable el capítulo que trata de la rescisión de los contratos cuando cabe optar entre la acción rescisoria y alguna otra distinta. En el presente caso, como hemos dicho, el demandante ha podido optar entre la rescisión del contrato o su cumplimiento y en el ejercicio de tal derecho optó por la rescisión.

El demandante probó *prima facie* su caso y no era procedente por tanto, una moción de *non suit* que es semejante a una excepción perentoria a la prueba. *Méndez* v. *El Banco Comercial,* 26 D. P. R. 647.

Además, la moción de *non suit* se fundaba en parte en la insuficiencia de la demanda y ésta no podía ser impugnada directamente por medio de dicha moción la cual debía diri-

girse solamente contra la prueba. *Príncipe* v. *The American Railroad Company of Porto Rico,* 22 D. P. R. 302.

Por las razones expuestas es necesario concluir que la Corte de Distrito de Ponce erró al declarar con lugar la moción de *non suit* presentada por el demandado y en su virtud debe revocarse dicha resolución como también la sentencia apelada por la que se desestimó la demanda, con costas al demandante, devolviéndose el caso a la expresada corte para ulteriores procedimientos no inconsistentes con los principios enunciados en esta opinión.

> *Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.